1
2
3
4
5

ROBERT E. SCHROTH SR. - BAR NO. 103063
ROBERT E. SCHROTH JR. - BAR NO. 212936
SCHROTH & SCHROTH
2044 FIRST AVE., SUITE 200
SAN DIEGO, CA 92101
TELEPHONE: (619) 233-7521

6

Attorneys for Plaintiff CANDY CARRASCO

7
8
9
10

## UNITED STATES DISTRICT COURT,
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  CANDY CARRASCO, | CASE NO.  **'13 CV 2564 DMS JMA** |
| 12              Plaintiff, | |
| 13      vs. | **PLAINTIFF CANDY CARRASCO'S COMPLAINT FOR:** |
| 14 | |
| 15  DELL SERVICES FEDERAL GOVERNMENT, INC., and DOES 1 to 30, inclusive, | **(1) VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. § 2601 ET SEQ.** |
| 16 | |
| 17              Defendants. | **(2) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT, CALIFORNIA GOVERNMENT CODE § 12945.2** |
| 18 | |
| 19 | |
| 20 | **(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| 21 | |
| 22 | **DEMAND FOR JURY** |
| 23 | |

24
25
26
27
28

COMES NOW, Plaintiff Candy Carrasco ("Carrasco"), by and through her attorney Robert E. Schroth, Jr., and complains of the Defendants, Dell Services Federal Government, Inc. ("Dell"), and Does 1 through 30, inclusive, as follows:

-1-

# I.

## JURISDICTION AND VENUE

1.     Plaintiff's first cause of action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.  This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2.     Plaintiff's second cause of action involves application of the California Family Rights Act, California Government Code § 12945.2.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

3.     Plaintiff's third cause of action involves application of California public policy and common law.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

4.     The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district.  Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

PARTIES

5.     Ms. Carrasco is, and at all times material hereto was, a citizen of the State of California, residing in San Diego County, California.

6.     Ms. Carrasco is informed and believes, and upon that basis alleges, the defendant Dell Service Federal Government, Inc. is, and was at all times material hereto, a Virginia corporation doing business in this district, having its principal place of business in Fairfax, Virginia.

7.     Carrasco is informed and believes, and upon that basis alleges, that Richard Warcholik ("Warcholik") is, and at all times material hereto was, an agent, employee and servant of the master, Dell, and was acting within the course and scope of his agency or employment authority as such, with knowledge, express or

implied, of Dell. Warcholik, acting under authority of Dell, terminated Carrasco while she was out on leave permitted under the FMLA, and caused Carrasco to be terminated from her employment in violation of the FMLA. Accordingly, adherence to the fiction that Warcholik was acting outside the scope of his authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice.  Carrasco has not named Warcholik as a defendant in this action to the extent prohibited by law.

8.     The true names and capacities for the individual, corporate, associate or otherwise of defendants, DOES 1-30, inclusive and each of them are unknown to Carrasco, who therefore sues such defendants by such fictitious names.  Carrasco will amend this Complaint to show their true names and capacities when the same have been ascertained.  Carrasco is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injuries and damages proximately thereby to plaintiffs as herein alleged.

9.     Carrasco is informed and believes and thereon alleges that at all times material herein, each of the defendants designated herein including the fictitiously designated defendants are negligently and wrongfully responsible in some manner for the events and happenings herein referred to, and their negligent and/or wrongful acts and omissions caused the injuries and damages to the plaintiffs as herein alleged either through the defendants' own negligence and wrongful conduct or through the defendants' own negligence and wrongful conduct or through the conduct of one of their agents, servants, employees, representatives and/or joint ventures, or due to there own ownership, rental, use, supervision, entrustment, leasing, management, employment or permissive use of the

instrumentality causing the injury and damages herein alleged.

10.     Carrasco is informed and believes and thereon alleges that at all times material herein, each of the defendants was an agent employee, joint venturer, alter-ego, employer and representative of each of the remaining defendants, and at all times mentioned herein, defendants were acting within the time and within the authority, the course and scope of said agency, employment as a member of a joint venture, as an alter-ego and/or within the said representation and with the full knowledge, ratification, permission and consent of the remaining co-defendants, and each of them.

## II.

## FACTUAL ALLEGATIONS

11.     At all times material hereto, Carrasco was employed by Dell as SND Functional Area Supervisor.

12.     In February of 2011, Carrasco informed her supervisor, Richard Warcholik that she was ill and would need to take time off of work.

13.     On or around February 21, 2011, Carrasco contacted the Human Resources department at Dell to inquire about a FMLA leave.  She received no response from Human Resources.

14.     On March 15, 2011, Warcholik wrote her up for the stated reason that she was "absent too much."  In response to this write up, Carrasco explained that she was never provided with FMLA paperwork.

15.     On March 15, 2011, Carrasco was provided by Human Resources with the necessary FMLA information.  She then learned that the Human Resources department of Dell no longer handled FMLA claims, but that an outside third party, Aetna, handled such claims.

16.     On March 15, 2011, Carrasco filed a request for FMLA leave.  Carrasco received a response that same day, indicating that she was eligible to take FMLA leave and needed to file the necessary paperwork by April 3, 2011.

17.     On March 23, 2011, the deadline to file the paperwork was extended as Carrasco again received a letter from Aetna advising that she must provide a Certification of Health Care Provider form by April 10, 2011.

18.     Ms. Carrasco was terminated on March 22, 2011, despite her FMLA claim being opened and the deadline for providing the necessary paperwork not yet passing.  The stated reason for her termination was "due to excessive absenteeism without proper notification to your management team and failure to make sufficient improvements to your absenteeism immediately following the Written Warning that was issued to you on March 15, 2011."

19.     Carrasco's FMLA request was still processing when she was terminated on March 22, 2011.

20.     During her employment with Dell, Carrasco was subject to numerous instances of verbal abuse by her superiors.

21.     On July 12, 2010, Carrasco and her employees were in the mailroom at Dell looking for certain A-Files.  These files were urgently needed as there were interviews that morning that required these files.  Carrasco's supervisor, Warcholik, opened the door to the mailroom and demanded that Carrasco complete her FOSS.  She explained the urgency of her current task, and Warcholik immediately began yelling at her in front of her employees.  Later that day, Carrasco informed the Human Resources department of the encounter.  She described her feelings as "vulnerable," being "guarded around him," and being "unprofessionally publicly humiliated for no apparent reason."  The company

performed an internal investigation of Carrasco's complaint.

22.     Following the investigation, Warcholik began to act in a retaliatory manner toward Carrasco:  He would force her to work overtime without proper compensation.  She was also not given her required break periods.  Also, at her next performance review, she was given a 1 star rating, down from a previous 5 star rating.  Carrasco believes and alleges that her complaint filed with Human Resources, and the subsequent harassment by Warcholik, was a basis for her termination.

23.     Following the above incident, Carrasco started to become emotionally distressed.  In November of 2010, she went to the ER because stress was causing pain in her stomach.  She underwent surgery that month to remove her gallbladder.  She returned to work in December 2010.

24.     When Carrasco returned to work, she learned that four employees had left the department.  Despite this, Carrasco was still required to meet her deadlines. This proved difficult because of the combined internal stress and the lack of employees to complete the required tasks.

25.     Carrasco tried to transfer to another job site.  However, she was told by her site manager that they could not afford to lose her.  She was also told that her medical-related absences would affect her chances of being transferred.  Carrasco believes and alleges that she was forced to remain in a stressful environment.

26.     Between the time that she returned from her surgery in December 2010 to the date of her termination, Carrasco was continually harassed by Warcholik.  He would write her up for excessive absences; accusing her of not being sick, but rather being out partying.  When Carrasco offered to show him her medical records to prove that she was actually sick, he refused to see them.

27.     In February 2011, Carrasco began to get sick again, and in that month took the leave of absence described above in paragraph 16.  Carrasco alleges and believes that her absences were a basis for her termination.

28.     Carrasco is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraphs 11 through 27 above, defendant failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against Carrasco by terminating her while she was out on medical leave.

29.     Carrasco is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct. (1) Carrasco's right to extended leave to care for her health was interfered with and impaired;  (2) Dell's termination of Carrasco was in retaliation to Carrasco taking a leave of absence to care for herself and violated her right to the same or equivalent employment upon her return from leave; and (3) Dell's termination of Carrasco was also in retaliation of her complaint, described in paragraph 21, filed with Human Resources.

30.     As a proximate cause of defendant's conduct, Carrasco was not compensated during her leave of absence and was required to expend significant personal sums for her medical necessities and her own physical and mental well-being.  Additionally, as a proximate cause of defendant's conduct, Carrasco has been unemployed and has been and will continue to experience a loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to the Functional Area Supervisor position to which she is entitled, to provide food, shelter, and clothing for both herself, and to the provide the medical care necessary for herself to assure her continued recovery.  These expenditures and costs are consistent with those recoverable for violation of the

FMLA.

## III.

## CAUSES OF ACTION

## A.

## FIRST CLAIM FOR RELIEF

(Compensatory Damages and Declaratory Relief Under the FMLA)

29 U.S.C. § 2617(a)

31.    Carrasco realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

32.    Carrasco is informed and believes, and on that basis alleges, that Dell qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Carrasco is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

33.    Carrasco is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Carrasco was denied her entitlement to leave as prescribed in FMLA.

34.    Carrasco is informed and believes, and on that basis alleges, that Carrasco was entitled to restoration to her position as described in the FMLA, 29 U.S.C. § 2614(1), and that Carrasco was denied restoration to the same or equivalent position as prescribed in FMLA.

35.    Carrasco is informed and believes and on that basis alleges that defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

36.    As the result of Carrasco's termination, Carrasco has incurred, and is now incurring, a loss of wages and continuing health care and medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved

at trial, but believed to exceed $25,000.  These costs include, without limitation, lost wages and medical expenses during Carrasco's leave of absence, back pay from the effective date of termination, lost health care and medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617.  The costs also include attorneys' fees that, as of the date of this complaint, exceed $10,000.

37.     Carrasco is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant is liable to Carrasco for the costs described in the preceding paragraph.

38.     An actual controversy now exists between Carrasco on the one hand, and defendants, on the other, in that Carrasco contends that defendant is liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by Carrasco and reinstatement of Carrasco to her previous position of Functional Area Supervisor, in connection with the alleged employment discrimination perpetrated by Dell. Carrasco is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

39.     A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by Carrasco, is appropriate and in the interests of justice.

**B.**

**<u>SECOND CLAIM FOR RELIEF</u>**

(Unlawful Refusal Of Request For Leave Of Absence In Violation Of California Government Code Section 12945.2)

40.     Carrasco realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

41.     As more fully set forth above, Carrasco was employed by Defendants, and each of them, both independently and as alter egos, for longer than twelve (12) months, and Carrasco had worked more than 1,250 hours during the twelve (12) month period immediately preceding her request for medical leave.

42.     Defendant Dell is an "employer" as defined by California Government Code Section 12945.2 because they employ more than fifty (50) persons to perform services for a "salary" or wage, as further defined by the California Labor Code.

43.     The California Family Rights Act entitles employees who, like Carrasco, have met the requirements of the act, and who make a lawful request to take up to a total of twelve (12) workweeks in any 12-month period for the purpose of caring for their health.  As more fully set forth above, Carrasco made numerous lawful requests to Defendants, and each of them, for a leave of absence from her employment for medical reasons.

44.     As also set forth more fully above, the Defendants, and each of them, terminated Carrasco after her foregoing lawful requests for a leave of absence.

45.     Defendants further failed and refused to guarantee that Carrasco would be returned to her existing position, with a similar hourly wage or "salary," once Carrasco returned from leave, if any.  To the contrary, Defendants terminated Carrasco while she was out on medical leave.

46.     Furthermore, Defendants also retaliated against Carrasco for her use of medical leaves and for her filing of a complaint with Human Resources, causing Carrasco unnecessary emotional injuries, including, but not limited to, stress,

1 embarrassment, humiliation, depression, sleeplessness, and anxiety.

2 47.     Consequently, Defendants, and each of them, failed in their responsibility to

3 assess, and grant, Carrasco's entitlement to leave under the California Family

4 Rights Act, and therefore, denied Carrasco her substantive rights under the act.

**C.**

**THIRD CLAIM FOR RELIEF**

(Wrongful Termination in Violation of Public Policy)

48.     Carrasco realleges and incorporates by reference each and every allegation

10 contained in the preceding paragraphs.

11 49.     As more fully set forth above, Defendants, and each of them, acted in

12 contravention of California public policy by refusing to allow Carrasco to take a

13 leave of absence pursuant to either the California Family Rights Act or the Family

14 and Medical Leave Act.  Specifically, the California Legislature has, through its

15 enactment of the foregoing legislation, recognized the need to allow families and

16 employees within the State of California to take a leave of absence from their

17 employment to care for their health.  Indeed, the Legislature has deemed this

18 public policy so important that beginning July 1, 2004, California employees have

19 the legal right under the "California Paid Family Leave" Act to collect up to

20 twelve (12) weeks of disability compensation per year.  The purpose of the

21 California Family Rights Act is to encourage more employees to take time off to

22 take care of their health.

23 50.     As a proximate result of Carrasco's inability and refusal to accept

24 Defendant's illegal conduct as described more fully above, and in violation of

25 public policy as also described more fully above, Defendants, by and through its

26 partners, officers, agents, servants, managers, and supervisors, intentionally and

knowingly created, fostered, accepted, and ratified intolerable working conditions for Carrasco.  At all relevant times to this Complaint, Defendants had actual knowledge of the foregoing intolerable working conditions and yet, despite this knowledge, Defendants, and each of them, failed and refused to alleviate the same.

51.     Consequently, Carrasco has suffered the loss of her employment, attendant compensation, other economic damages, and emotional damages including, but not limited to, depression, anxiety, sleeplessness, humiliation, and embarrassment, all to his detriment and in an amount to be proved at trial.

52.     In doing acts set forth above, Defendants, and each of them, knew and understood that their failure to allow Carrasco medical leave, was blatantly unlawful and in direct violation of well-established public policy.  In fact, Carrasco brought the foregoing matters to the attention of Defendants, and each of them, on numerous occasions throughout the entirety of her employment tenure with Defendants.

53.     Notwithstanding the foregoing knowledge, Defendants despicably subjected Carrasco to cruel and unjust hardship in conscious disregard of Carrasco's rights by terminating Carrasco during her election to take medical leave.  The Defendants, and each of them, and Carrasco's supervisor, Warcholik, committed this oppressive conduct.  The Defendants' foregoing conduct was so willful and despicable that it warrants the assessment of punitive damages.

54.     Defendants, and each of them, authorized and ratified the conduct of their employees, managers, supervisors, and managing agents by allowing such blatant violations of pubic policy.  At all times relevant to this Complaint, Defendants, and each of them, knew and understood the nature and extent of the intolerable

working conditions placed upon Carrasco's employment.  Indeed, as mentioned above, Carrasco continually notified the Defendants, and each of them, of the nature and extent of the intolerable working conditions that she was suffering.

55.    Notwithstanding the numerous and continuous notices and warnings that Carrasco provided, Defendants, and each of them, intentionally failed and refused to cure or otherwise reform their unlawful conduct.  The foregoing unlawful conduct was, at all times relevant to this Complaint, ratified, authorized, and performed at the direction of the Each of the directors, managing partners, partners, officers, and/or agents of Defendant Dell.  Said unlawful conduct was further ratified, authorized, and performed at the direction of Defendant's Human Resource Manager, and managing agent, Richard Warcholik.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Carrasco prays for judgment against the Defendants as follows:

AS TO THE FIRST CLAIM FOR RELIEF FOR COMPENSATORY DAMAGES AND DECLARATORY RELIEF UNDER THE FMLA.

1.    For compensatory damages and other costs incurred by Carrasco according to proof, but believed to exceed $25,000.

2.    For Carrasco's reasonable attorneys' fees.

3.    For a judicial declaration that the defendant is liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by Carrasco in connection with Carrasco's termination of employment of Dell, including, without limitation, reasonable attorneys' fees.

For damages according to proof, including lost earnings and other related employee benefits, both past and future;

## AS TO THE SECOND CLAIM FOR RELIEF FOR DAMAGES UNDER THE CFRA

4.     For an award of punitive damages insofar as the intolerable working conditions that Defendants intentionally and knowingly created, and which caused Carrasco's termination, was despicable conduct outside all decent bounds tolerated by society.  Said punitive damages should be in an amount appropriate to punish or set an example of the Defendants and to deter others from engaging in similar conduct;

5.     For compensatory damages according to proof, including lost earnings and other related employee benefits, and damages for emotional distress including, but not limited to depression, anxiety, sleeplessness, humiliation, and embarrassment;

6.     For interest on lost earnings at the prevailing legal rate from March 22, 2011;

7.     For reasonable attorneys fees incurred by Carrasco in obtaining the wages and benefits owed to her by Defendants during the course of her employment, and as otherwise allowable by law;

## AS TO THE THIRD CLAIM FOR RELIEF FOR DAMAGES FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

8.     For damages according to proof, including lost earnings and other employee benefits, both past and future;

9.     For an award of punitive damages insofar as the intolerable working

-14-
Plaintiff Candy Carrasco's Complaint
CARRASCO V. DELL SERVICES FEDERAL GOVERNMENT, INC.

conditions that Defendants intentionally and knowingly created, and which caused Carrasco's termination, was despicable conduct outside all decent bounds tolerated by society.  Said punitive damages should be in an amount appropriate to punish or set an example of the Defendants to deter other from engaging in similar conduct;

10.     For compensatory damages according to proof, including lost earnings and other employee benefits, and damages for emotional distress including, but not limited to depression, anxiety, sleeplessness, humiliation, and embarrassment;

11.     For interest on lost earnings at the prevailing legal rate from March 22, 2011;

12.     For reasonable attorneys fees incurred by Carrasco in obtaining the benefits owed to her by Defendants during the course of her employment, and as otherwise allowable by law;

<u>AS TO ALL CLAIMS</u>

13.     For all costs of suit herein; and

14.     For such other and further relief as the Court deems just and proper.


DATED:  October 23, 2013

ROBERT E. SCHROTH JR. - Attorneys for Plaintiff


By:____/s/ Robert E. Schroth, Jr._____
ROBERT E. SCHROTH JR